UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 07-22436-Civ-Ungaro/O'Sullivan

GUSTAVO B. SAMPAIO,
on behalf of himself and
all others similarly situated,

                Plaintiff,

v.

PEOPLE FIRST RECOVERIES, LLC,
and FFPM CARMEL HOLDINGS 1, LLC,

                Defendants.
_____/

## SECOND AMENDED
## CLASS ACTION COMPLAINT
## AND JURY DEMAND

1.     Plaintiff Gustavo B. Sampaio, on behalf of himself and all others similarly situated, alleges Defendants People First Recoveries, LLC and FFPM Carmel Holdings 1, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq.* (hereinafter "FCCPA"), (1) by failing to identify itself and failing to inform the consumer that "this is an attempt to collect a debt and (2) by failing to inform the consumer that a request for verification of the debt and/or the identity of the original creditor must be "in writing."

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, GUSTAVO B. SAMPAIO, is a natural person who resides in Miami-Dade County, Florida.

4. Plaintiff, GUSTAVO B. SAMPAIO, is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, PEOPLE FIRST RECOVERIES, LLC, (hereinafter "PFR") is a limited liability corporation with its principal place of business at 2080 Elm Street SE, Minneapolis, Minnesota 55414.

6. Defendant, FFPM CARMEL HOLDINGS 1, LLC (hereinafter "FFPM") is a limited liability corporation with its registered agent Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7. Defendants regularly use the mails and telephone in a business the principal purpose of which is the collection of debts.

8. Defendants regularly collect or attempt to collect debts for other parties. They are "debt collectors" as defined in the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

9. Mr. Sampaio incurred an obligation arising from transactions incurred for personal, family or household purposes with HSBC Card Services, Inc. (hereinafter the "Debt").

10. After Mr. Sampaio's Debt had fallen into default, it was purchased or otherwise obtained by FFRM.

11. FFRM retained or otherwise arranged for the assistance of PFR to collect the Debt.

12. PFR left the following message on Mr. Sampaio's voice mail on or about August 8, 9, 10, 13, 14, 15, 16, 17, 20, 27, 29, 30, 2007 and September 11, 2007:

> Hello. This is an important message only for Gustavo B. Sampaio. This is not a sales or marketing phone call. This message is regarding business you are currently conducting. To receive your message please call us back at 866-229-9780. Thank you.

Hereinafter the "message."

13. Based upon information and belief, PFR left similar or identical messages on other occasions within one year of the filing of this complaint.

14. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

15. PFR failed to inform Plaintiff in the messages that the communication was from a debt collector, identify itself, and failed to inform the consumer that "this is an attempt to collect a debt."

4

16. PFR sent a collection letter to Mr. Sampaio dated August 7, 2007. (A copy is attached hereto as Exhibit A.)

17. Exhibit A under the heading **IMPORTANT NOTICE CONCERNING YOUR RIGHTS** states in pertinent part:

> If you dispute this debt or any portion thereof, please contact our office within 30 days after receiving this notice and this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you contact our office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

18. Exhibit A does not inform the consumer that his request for verification of the debt or the identity of the original creditor must be in writing.

19. FFRM is liable for the violations of the FDCPA and the FCCPA by PFR.

## VI. CLASS ACTION ALLEGATIONS

20. This action is brought on behalf of two classes.

21. The FDCPA class is defined as (i) all Florida residents to whom (ii) PFR left a message similar to the message left for Mr. Sampaio or sent or caused to be sent a letter in the form of Exhibit A (iii) on behalf of FFRM (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

5

22. The FCCPA class is defined as (i) all Florida residents to whom (ii) PFR left a message similar to the message left for Mr. Sampaio or sent or caused to be sent a letter in the form of Exhibit A (iii) on behalf of FFRM (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) during the two year period prior to the filing of the complaint in this matter through the date of class certification.

23. Plaintiff alleges on information and belief based on the use of uniform telephone messages or collection letters in the form of Exhibit A that the class is so numerous that joinder of all members is impractical.

24. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether defendants are debt collectors.

    b. Whether Defendants' telephone messages violate the FDCPA.

    c. Whether Defendants' letters in the form of Exhibit A violate the FDCPA.

    d. Whether Defendant's telephone messages and/or letters in the form of Exhibit A violate the FCCPA.

25. The claims of Mr. Sampaio are typical of those of the class members. All are based on the same facts and legal theories.

26. Mr. Sampaio will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and the FCCPA as well as class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

28. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Plaintiff requests certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff incorporates the foregoing paragraphs.

31. Defendants failed to disclose in the telephone messages that it is a

debt collector and that "this is an attempt to collect a debt" in violation of 15 U.S.C. §1692e(11). See: *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 WL 1992410, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla., July 14, 2006) and *Leyse v. Corporate Collection Servs.*, 2006 WL 2708451, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y., Sept. 18, 2006).

32. Defendants placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. §1692d(6). See: *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp.2d 1104 (S.D.Cal. 2005).

33. In Exhibit A Defendants failed to inform the consumer that a request for verification of the debt or the identity of the original creditor must be in writing" in violation of 15 U.S.C. §1692g(a)(4). *McCabe v. Crawford*, 272 F.Supp.2d 736 (N.D.Ill. 2003); *Grief v. Wilson*, 217 F.Supp.2d 336 (E.D.N.Y 2002).

34. Defendants used false representations or deceptive means to collect or attmpt a debt in violation of 15 U.S.C. §1692e and e(10).

### VIII. COUNT II -- FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

36. Defendants violations of the FCCPA include, but are not limited to, the following:

    a. Asserting the existence of some other legal right when such person knows that the right does not exist, in violation of Fla. Stat. §559.72(9).

WHEREFORE, Gustavo B. Sampaio requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant People First Recoveries, LLC and FFPM Carmel Holdings 1, LLC for:

    A. Certification of this matter to proceed as a class action;

    B. Declaratory relief that Defendants' telephone messages and letters in the form of <u>Exhibits A</u> violates the FDCPA and the FCCPA;

    C. Enjoin Defendants from leaving telephone messages and/or sending documents in the form of <u>Exhibits A</u> pursuant to the FCCPA, Fla. Stat. §559.77;

    D. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    E. Statutory damages pursuant to Fla. Stat. §559.77;

    F. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§169sk(a)(3) and Fla. Stat. §559.77; and

G.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff Gustavo B. Sampaio demands trial by jury.

s/ Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com


O. Randolph Bragg
Craig M. Shapiro
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**